IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHANIEL BUTLER, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN E. WETZEL, | : | NO. 13-3265 |
| Secretary, PA Dept. of Corrections, et al., | : | |
|     Respondents. | : | |

**REPORT AND RECOMMENDATION**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                                     January     17, 2014

      Before the Court for Report and Recommendation is the *pro se* petition of Nathaniel Butler for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Butler is currently incarcerated in the State Correctional Institute in Coal Township, Pennsylvania, serving a life sentence following a first-degree murder conviction on September 20, 1991 in the Philadelphia Court of Common Pleas. In light of the fact that we find his petition to raise a claim that is untimely and unexhausted, we recommend that it be dismissed.

**I.  PROCEDURAL BACKGROUND[1]**

---

[1] Our recitation of the procedural history relies upon the information provided by Butler in his original typed Petitioner for a Writ of Habeas Corpus (Doc. 1), dated May 25, 2013 and postmarked June 6, 2013 (the "Typed Pet."); the form Petition for Writ of Habeas Corpus and accompanying "Supplemental Memorandum of Law in Support of Petition Filed Under the Post Conviction Relief Act" (Doc. 3), dated July 8, 2013 (the "Form Pet."); and the Response to the petition provided by the District Attorney (Doc. 9), filed October 11, 2013 (the "Resp."). Petitioner did not avail himself of the opportunity we provided to him to file a reply brief. *See* Order, 9/20/13 (Doc. 8). We have also consulted the Common Pleas Court docket sheet for *Commonwealth of Pennsylvania v. Nathaniel Butler*, No. CP-51-CR-0722891-1990), made publicly available through the Pennsylvania Unified Judicial System Web Portal, http://ujsportal.pacourts.us. A copy of that docket printed on September 11, 2013 is also
*(...continued)*

Butler was convicted of first degree murder, two counts each of aggravated assault and recklessly endangering another person, criminal conspiracy to commit these acts, and possession of an instrument of crime.  His convictions arose from an incident on May 19, 1990, when Butler and two conspirators drove to a local playground and shot at a group in retaliation for an earlier dispute, killing one man and seriously injuring two others.  Pursuant to state law, Butler's sentence for that degree of murder was mandatory: life in prison without the possibility of parole.  Accordingly, he was sentenced on September 20, 1991 to a term of life imprisonment for the murder conviction, and after post-trial motions were denied, he was sentenced on March 26, 1992 to a consecutive term of five to twenty years for the other crimes.  The Superior Court affirmed his conviction, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on April 6, 1993.  *See Commonwealth v. Butler*, No. 01364 Phila. 1992 620 A.2d 1232 (Pa. Super. Ct. Nov. 18, 1992); *Commonwealth v. Butler*, No. 0787 E.D. 1992, 620 A.2d 1232 (Pa. Apr. 6, 1993).  He did not seek certiorari in the United States Supreme Court.  (Form Pet. at 6.)

On or about, August 21, 2012, Butler filed a *pro se* petition in state court, for relief under the Post Conviction Review Act, raising a claim that it is unlawful under, *inter alia*, the United States Constitution "to sentence a juvenile to life imprisonment without the possibility of parole." (Form Pet. at 6, ¶ 11(a)(5).  That petition is still pending at the trial court level.  (Form Pet. at 9; Resp. at 2.)

Butler submitted a *pro se* Petition for a Writ of Habeas Corpus in this Court on May 25, 2013 and, at the Court's direction, completed our standard form for habeas relief pursuant to 28

---

appended to the Response as Exhibit B.  The Superior Court's opinion on direct appeal, filed November 18, 1992 and appended to the Response as Exhibit A, also provides background information.

U.S.C. § 2254 on July 8, 2013. He seeks relief on the grounds that his "mandatory sentence of life without parole violated the Eighth Amendment's prohibition on cruel and unusual punishment; Petitioner's sentence should be vacated, and he should be individually resentenced on lesser-included offenses" (Typed Pet. at 3), or, as he succinctly puts it in his form petition, "*Alabama v. Miller*." (Form Pet. at 8, ¶ 12, Ground One Supporting facts.) At our direction, the District Attorney filed a response to the petition, asserting that Butler's petition is untimely and should be dismissed. Butler has not filed a reply to that response.

## II. DISCUSSION

The nature of Butler's petition gives rise to several possible avenues for disposition. His petition is subject to dismissal on procedural grounds, for failure to bring his petition in a timely manner and for failure to exhaust state court remedies. Alternatively, his petition could be denied on the merits. We focus our discussion below on the two procedural grounds for dismissal, although we necessarily touch upon some of the issues pertinent to the merits of Butler's claim for relief.

### A. Butler's petition is not timely

Respondents challenge Butler's petition as untimely under the governing statute of limitations. As his conviction became final prior to the enactment of AEDPA, Butler had until April 23, 1997 to bring a habeas petition asserting a violation of his federal constitutional rights. He did not do so until May 25, 2013 at the earliest.[2] He suggests that his petition is timely

---

[2] Butler certified that he was serving his petition on the District Attorney and the Court on May 25, 2013. *See* Doc. 1. We will presume, for these purposes, that he handed his petition materials to prison officials for mailing on that same date. Pursuant to the prisoner mailbox rule, Butler is credited with having "filed" his petition on that date, even though the envelope in which he
*(...continued)*

pursuant to 28 U.S.C. § 2244(d)(1)(C), in that it seeks relief based upon a "constitutional right [that] was initially recognized by the Supreme Court" in the *Miller* decision on June 25, 2012. That provision is only applicable, however, "if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* There is an open question as to whether that is the case. *See, e.g., In re Pendleton*, 732 F.3d 280 (3d Cir. Oct. 3, 2013) (permitting petitioners to bring second or successive petition raising *Miller* claims based upon "prima facie" showing of retroactivity but expressly reserving merits analysis for district court). *Cf. Commonwealth v. Cunningham*, No. 38 EAP 2012, 2013 WL 5814388 (Pa. Oct. 30, 2013) (finding that *Miller* has not been made retroactively applicable by the United States Supreme Court and that it is not otherwise subject to retroactive applicability under Supreme Court *Teague* standard).

Moreover, there is persuasive authority for the proposition that if the *Miller* rule does not, in fact, apply to the petitioner's situation, then it cannot provide an alternative start date for the limitations period on the petitioner's habeas petition. *See, e.g., Watts v. Wetzel*, Civ. A. No. 13-3518, 2013 WL 6153196, *1 n.2 (E.D. Pa. Nov. 20, 2013) (Robreno, J., approving and adopting Rep. & Recomm. of Wells, Ch. M.J.); *Ocampo v. Fisher*, Civ. A. No. 13-3569, 2013 WL 5658387, *3 (E.D. Pa. Oct. 17, 2013) (Yohn, J., approving and adopting Rep. & Recomm. of Rice, M.J.); *Hall v. Lamas*, Civ. A. No. 12-5163, 2013 WL 1187047, *1 n.5 (E.D. Pa. Feb. 7, 2013) (Rep. & Recomm. of Perkin, M.J.), *approved and adopted*, 2013 WL 1189242 (Bartle, J.).

Respondents have pointed to documentation that Butler's date of birth is October 18, 1970. (Resp. at 5.) *See* St. Ct. Dkt. at 1. The offense date was May 19, 1990. *See* St. Ct. Dkt. at 1;

---

transmitted the petition from prison bears a postmark of June 6, 2013 and it was not received and docketed until June 10, 2013.

*Commonwealth v. Butler*, No. 01304 Phila. 1992, slip opin. at 1 (Pa. Super. Ct. Nov. 18, 1992) [Resp. Ex. A]. Pursuant to our scheduling orders, Butler was given a 30-day period in which to file a reply to the response served upon him by mail on October 11, 2013. As of the date of this Report, Butler has not filed a reply nor otherwise responded or countered in any way the representation of his date of birth. Moreover, while his Form Petition dated July 8, 2013 did not address the question of his adult status at the time of the offense, his original Typed Petition (Doc. 1) conceded that he "was arrested for a crime alleged to have been committed on May 19th 1990, when Petitioner was (19) years old." (Typed Pet. at 1, ¶ 2.) Accordingly, we operate under the presumption that Butler was not a juvenile at the time of the offense but rather was 19 years and 7 months old.[3]

As Butler was not a juvenile at the time he committed murder in the first degree on May 19, 1990, the mandatory sentence imposed upon him of life without the possibility of parole is not implicated by the Supreme Court's *Miller* decision. *Miller* did not recognize any Eighth Amendment violation for imposition of this sentence pursuant to a mandatory sentencing scheme as to *adults* but rather as to *juveniles*, and juveniles *only*. Moreover, that decision grew in part out of precedents that highlighted the unique posture of juveniles in the Eighth Amendment

---

[3] Respondents observed that Butler carefully avoided any reference to his age at the time of the crime in the argument supporting his petition. *See* Resp. at 5 n.3. He did not plead that he was under the age of 18 at the time of the crime, but rather he argued that recent studies "point[] to the fact that [the] human brain does not fully develop until the age of twenty five (25). This is of critical importance to this petition." (Typed Pet. at 4-5.)

Respondents appear to have overlooked Butler's acknowledgement, in the "Relevant Procedural History" section of his Typed Petition that he "was arrested for a crime alleged to have been committed on May 19th 1990, when Petitioner was (19) years old." Typed Pet. at 1, ¶ 2. Given this allegation, coupled with his failure to dispute Respondents' representation, supported by the state court docket, that he was 19 years old at the time of the crime, we are comfortable with the proposition that Butler was **not** a juvenile at the time he committed this murder.

proportionality analysis. *See Miller*, 132 S. Ct. at 2464 (describing *Roper* and *Graham* as establishing that "children are constitutionally different from adults for purposes of sentencing. Because juveniles have diminished culpability and greater prospects for reform … 'they are less deserving of the most severe punishments,'" quoting *Graham*, 130 S. Ct. at 2026); *id.* at 2463-64 (describing precedents prohibiting mandatory imposition of death penalty without requiring sentencing authority to consider defendant's individual characteristics); *id.* at 2464 (describing its holding as following from "the confluence of these two lines of precedent"). *See also Roper v. Simmons*, 543 U.S. 551 (2005) (holding that Eighth Amendment bars capital punishment for juveniles); *Graham v. Florida*, 130 S. Ct. 2011 (2010) (holding that Eighth Amendment bars sentencing juvenile to life without the possibility of parole for non-homicide offense).

The "right" implicated by Butler's petition --- that someone who was under 25 years old at the time he commits first-degree murder should not be subjected to a mandatory sentence of life without the possibility of parole --- is *not* one that has been recognized by the United States Supreme Court. 28 U.S.C. Section 2244(d)(1)(C) therefore provides no later limitations period start date. Accordingly, the one-year AEDPA limitations period as to any federal claim Butler wished to assert began to run with the effective date of the legislation on April 24, 1996, and his opportunity to bring a challenge to his sentence on Eighth Amendment grounds expired on April 24, 1997. His petition should be dismissed.

**B.    Butler's claim is not exhausted and his petition should not be stayed**

Alternatively, his petition is subject to dismissal for failure to exhaust available state remedies. Before Butler may obtain habeas relief in this Court, he must exhaust the remedies available in the state courts. *See* 28 U.S.C. § 2254(b)(1). This requires him to pursue a claim through one complete round of the established appellate review process. In that his PCRA

petition raising his *Miller* claim is still pending in the Philadelphia Court of Common Pleas and has not yet reached the Pennsylvania Superior Court as is required for proper exhaustion, *see* Form Pet. at 6-9, Butler has not satisfied this requirement.

Butler refers to his petition serving as a protective filing "to preserve his rights" to habeas review in federal court in the event that he is unable to obtain relief in state court. *See, e.g.,* Typed Pet. at 7. Federal courts have routinely stayed habeas proceedings pending the disposition of state PCRA petitions raising *Miller* claims in this posture. A stay of habeas proceedings is not warranted, however, where the petition does not satisfy the criteria of *Rhines v. Weber*, 544 U.S. 269 (2005). As the Court in *Rhines* determined, a stay-and-abey approach should not be taken if the petitioner's unexhausted claim is "plainly meritless." *Id.* at 277. *See also id.* at 278 (alternatively explaining that a stay may be appropriate if, *inter alia,* the unexhausted claim is "potentially meritorious"). Butler's unexhausted claim does not meet that criterion.

As described above, we construe Butler to be seeking to extend the notion of the Eighth Amendment violation recognized in *Miller* to those "categorically classified as having a 'less developed' brain," citing psychological and social science literature suggesting that the human brain "does not fully develop until the age of twenty five (25)," which "is of critical importance to this petition." Typed Pet. at 5. The Supreme Court has not held, however, that states subject an adult convicted of first-degree murder to cruel and unusual punishment when they provide for a mandatory sentence of life in prison without the possibility of parole. Rather, the Court was clear in *Miller* that it was assessing the lawfulness of such mandatory sentences in the case of juveniles only.

Butler points to no authorities that suggest that the United States Constitution requires that adults and juveniles be sentenced according to the same scheme. On the contrary, the Supreme

Court in *Miller* and the line of cases it followed justified differential treatment for juveniles as opposed to adults. Since *Miller*, courts have not been receptive to attempts to characterize the rule of *Miller* as applying to non-juveniles. *See, e.g., Weaver v. Kerestes*, Civ. A. No. 13-3947, 2013 WL 6506318 (E.D. Pa. Dec. 12, 2013) (DuBois, J., approving Rep. & Recomm. of Wells, Ch. M.J.) (observing that "petitioner was an adult at the time of the crime at issue and cannot claim entitlement to relief under *Miller v. Alabama* which prohibited the issuance of mandatory life-without-parole sentences for juvenile offenders"); *Jones v. Walsh*, Civ. A. No. 13-1316, 2013 WL 6159286, *4 (E.D. Pa. Nov. 25, 2013) (Savage, J., approving Rep. & Recomm. of Perkin, M.J.) ("The holding of *Miller* is not applicable to Petitioner because that holding is limited to juvenile offenders who were under age 18 at the time their crime was committed. Petitioner was 27 years old," and noting that claim "is not actually based on the law as set forth in *Miller,* but rather upon an argument that the law should be extended" to others); *Ocampo v. Fisher*, Civ. A. No. 13-3569, 2013 WL 5658387, *3 (E.D. Pa. Oct. 17, 2013) (Yohn, J., approving and adopting Rep. & Recomm. of Rice, M.J.) (denying request for stay because unexhausted *Miller* claim of petitioner who was already 18 years old at the time he committed the crimes is "plainly meritless"); *Mobley v. Coleman*, Civ. A. No. 09-1558, 2013 WL 3943141, *5 (E.D. Pa. July 31, 2013) (Tucker, Ch. J., approving Rep. & Recomm. of Hey, M.J.) (denying stay for lack of "any indicia of potential merit as required by *Rhines*" where petitioner's claim was "not based upon the law as set forth in *Miller,* which applies to juveniles, but rather upon an argument that the law should be extended to persons between 18 and 24 years of age").

We find the basis for Butler's petition to be a plainly meritless claim that cannot justify a stay of proceedings under *Rhines*. His petition containing only an unexhausted claim must

8

accordingly be dismissed.[4]

### C. Certificate of Appealability

Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a habeas petition is issued, the district court judge is required to make a determination as to whether a certificate of appealability ("COA") should issue. A COA should not issue unless the petitioner demonstrates that jurists of reason would find it to be debatable whether the petition states a valid claim for the denial of a constitutional right. As to claims that are dismissed on procedural grounds, the petitioner bears the additional burden of showing that jurists of reason would also debate the correctness of the procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, for the reasons set forth above, we do not believe that reasonable jurists would debate our conclusions that Butler failed to satisfy the exhaustion requirement and that a stay of proceedings to allow him to exhaust is not warranted because his claim is plainly meritless. Accordingly, we do not believe a COA should issue. Our Recommendation follows.

---

[4] Of course, the Court is permitted to *deny* a petition on the merits, "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Given that Butler's claim is clearly without merit, the disposition of his petition as a denial under § 2254(b)(2) would be warranted here as an alternative to dismissal for failure to exhaust.

## **RECOMMENDATION**

**AND NOW** this   17th day of January, 2014, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus be **DISMISSED WITH PREJUDICE**.  It is **FURTHER RECOMMENDED** that a certificate of appealability should **NOT ISSUE** in that we do not believe that Petitioner has made a substantial showing of the denial of a constitutional right or that reasonable jurists would debate the correctness of the procedural aspects of this ruling.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The petitioner may file objections to this Report and Recommendation.  *See* Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

 /s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE